UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| SCOTT A. LAYMON, | ) | |
|---|---|---|
| Plaintiff, | ) ) ) | |
| v. | ) ) | CAUSE NO.: 1:17-CV-457-TLS |
| NANCY A. BERRYHILL, ACTING COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | ) ) ) ) ) ) | |
| Defendant. | ) ) | |

**OPINION AND ORDER**

Plaintiff Scott A. Laymon seeks review of the final decision of the Commissioner of the Social Security Administration (Commissioner) denying his application for disability and disability insurance benefits as well as supplemental security income. The Plaintiff argues that the Commissioner wrongfully denied him Social Security benefits and erred by failing to include limitations in his residual functional capacity related to all of his impairments and failing to support the step five findings with substantial evidence.

**BACKGROUND**

On May 29, 2014, the Plaintiff filed a Title II application for disability and disability insurance benefits, as well as a Title XVI application for supplemental security income, alleging disability beginning March 25, 2013. (R. 36.) His claims were denied initially and upon reconsideration. (*Id.*) On July 20, 2016, the Plaintiff appeared with counsel and testified at a hearing before an administrative law judge (ALJ). (*Id.*) Sandra Steele, an impartial vocational expert (VE) also appeared. (*Id.*) On October 17, 2017, the ALJ denied the Plaintiff's

applications. (R. 44.) On September 5, 2017, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied the Plaintiff's request for review. (R. 1–4.)

On November 3, 2017, the Plaintiff filed this claim in federal court against the Acting Commissioner of the Social Security Administration.

## THE ALJ'S FINDINGS

Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). To be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work, but also any other kind of gainful employment that exists in the national economy, considering his age, education, and work experience. §§ 423(d)(2)(A), 1382c(a)(3)(B).

An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits. 20 C.F.R. §§ 404.1520, 416.920. The first step is to determine whether the claimant no longer engages in substantial gainful activity (SGA). *Id.* In the case at hand, the ALJ found that the Plaintiff has been unable to engage in SGA since his alleged onset date, March 25, 2013. (R. 38.)

In step two, the ALJ determines whether the claimant has a severe impairment limiting his ability to do basic work activities under §§ 404.1520(c), 416.920(c). In this case, the ALJ determined that the Plaintiff was severely impaired by diabetes mellitus with neuropathy in the bilateral upper and lower extremities. (*Id.*) The ALJ found that these impairments caused more than minimal limitations in the Plaintiff's ability to perform the basic mental and physical demands of work. (*Id.*) The ALJ also found that the Plaintiff had multiple non-severe conditions,

including hypertension, hyperlipidemia, bilateral retinopathy, carpal tunnel syndrome, groin pull/strain, oral thrush, dizziness, and ocular migraines. (*Id.*)

Step three requires the ALJ to "consider the medical severity of [the] impairment" to determine whether the impairment "meets or equals one of the [the] listings in appendix 1 . . . ." § 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If a claimant's impairment(s), considered singly or in combination with other impairments, rise to this level, there is a presumption of disability "without considering [the claimant's] age, education, and work experience." §§ 404.1520(d), 416.920(d). But, if the impairment(s), either singly or in combination, fall short, the ALJ must proceed to step four and examine the claimant's "residual functional capacity" (RFC)—the types of things he can still do physically, despite his limitations—to determine whether he can perform "past relevant work," §§ 404.1520(a)(4)(iv), 416.920(A)(4)(iv), or whether the claimant can "make an adjustment to other work" given the claimant's "age, education, and work experience." §§ 404.1520(a)(4)(v). 416.920(a)(4)(v).

The ALJ determined that the Plaintiff's impairments did not meet or equal any of the listings in Appendix 1 and that he had the RFC to perform light work, as defined in 20 C.F.R. 404.1567(b) and 416.967(b), except:

> [H]e is not able to climb ladders, ropes, or scaffolds at all and he can only occasionally climb ramps and stairs, balance, stoop, kneel, crouch, and crawl. He must also avoid all exposure to unprotected heights, slippery or uneven surfaces, and dangerous moving machinery in the workplace and he is able to handle, finger, and feel using his upper extremities on a frequent basis.

(R. 40–41.)

After analyzing the record, the ALJ concluded that the Plaintiff was not disabled as of his alleged onset date. (R. 36–44.) The ALJ evaluated the objective medical evidence and the Plaintiff's subjective complaints and found that the Plaintiff's medically determinable

impairments could reasonably be expected to cause the alleged symptoms. (R. 41.) But, the ALJ found that the Plaintiff's testimony and prior statements regarding the intensity, persistence, and limiting effects of these symptoms were "not entirely consistent with the medical evidence and other evidence in the record." (R. 42.) The Plaintiff testified that his feet are numb, he has pain in his ankles and hands, he cannot open a pill box and generally has difficulty gripping objects, he need help checking his blood sugar levels three out of five times a day, he takes three naps a day, he must urinate every 30–60 minutes, he uses a cane without which he cannot stand or walk even for short period of time, he can walk only about 80 feet with a cane, he can sit for only 60 minutes at a time, he must elevate his legs, he can lift a gallon of milk, he has trouble with buttons, and he has difficulty climbing stairs. (R. 41.)

Turning to the evidence of record, the ALJ noted that the Plaintiff had a strong work history and worked for nearly two years despite his diabetes mellitus, and that he only stopped working due to an unrelated, non-severe injury. (R. 42.) The Plaintiff also received unemployment compensation payments through the third quarter of 2013, which overlaps the alleged period of disability by a few months. (*Id.*) The ALJ also noted that the Plaintiff has been able to maintain his marriage, get along with his mother, drive, check his blood sugar levels at least twice a day, exercise, and that there is no evidence of record that the Plaintiff cannot care for his personal needs independently. (*Id.*) Looking to the objective medical evidence, the ALJ found that the Plaintiff's physical examination findings were largely within normal limits, that there was no evidence of muscle atrophy or significant deficits in muscle strength, grip strength, fine finger manipulative ability, or reflexes. (*Id.*) Further, the ALJ found that there was no evidence of record that a cane is medically necessary or that the Plaintiff must urinate as frequently as alleged. (*Id.*) The ALJ also noted that the Plaintiff had not sought emergency care

or been hospitalized on an inpatient basis for diabetes mellitus or related complications since February 2013. (*Id.*)

The Plaintiff has past relevant work as a saw operator, floor maintenance worker, tire/oil auto servicer, order filler/stores worker, and industrial truck operator, all of which required more than light exertion. (R. 43.) The ALJ therefore found that the Plaintiff was unable to perform his past relevant work. (*Id.*) Relying on the VE's testimony, the ALJ found that "considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." (*Id.*) Thus, the ALJ found that the Plaintiff was not disabled as defined in the Social Security Act as of his alleged onset date. (R. 44.)

## STANDARD OF REVIEW

The decision of the ALJ is the final decision of the Commissioner when the Appeals Council denies a request for review. *Liskowitz v. Astrue*, 559 F.3d 736, 739 (7th Cir. 2009). The Social Security Act establishes that the Commissioner's findings as to any fact are conclusive if supported by substantial evidence. *See Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995). Thus, the Court will affirm the Commissioner's finding of fact and denial of disability benefits if substantial evidence supports them. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2009). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Henderson v. Apfel*, 179 F.3d 507, 512 (7th Cir. 1999).

It is the duty of the ALJ to weigh the evidence, resolve material conflicts, make independent findings of fact, and dispose of the case accordingly. *Richardson*, 402 U.S. at 399–400. The reviewing court reviews the entire record; however it does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *See Diaz*, 55 F.3d at 308. A court will "conduct a critical review of the evidence," considering both the evidence that supports, as well as the evidence that detracts from, the Commissioner's decision, and "the decision cannot stand if it lacks evidentiary support or an adequate discussion of the issues." *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (internal quotations omitted).

When an ALJ recommends the denial of benefits, the ALJ must first "provide a logical bridge between the evidence and [her] conclusions." *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009) (internal quotation marks and citation omitted). Though the ALJ is not required to address every piece of evidence or testimony presented, "as with any well-reasoned decision, the ALJ must rest its denial of benefits on adequate evidence contained in the record and must explain why contrary evidence does not persuade." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). However, if substantial evidence supports the ALJ's determination, the decision must be affirmed even if "reasonable minds could differ concerning whether [the claimant] is disabled." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

**ANALYSIS**

The Plaintiff argues that the ALJ erred by failing to include limitations in his RFC related to all of his impairments and failed to support the step five findings with substantial evidence, basing it on VE testimony that lacked foundation as to the number of available jobs that the

Plaintiff could perform. The Commissioner responds that the ALJ appropriately weighed the evidence of record, including the Plaintiff's credibility, in coming to her conclusions regarding the Plaintiff's RFC and that the VE provided adequate supported for her testimony.

The flaws in the ALJ's credibility determination prevent the Court from meaningfully reviewing the RFC analysis and require remand. The Court may not overturn the ALJ's credibility determination unless it is "patently wrong." *See Elder*, 529 F.3d at 413–14. "Reviewing courts therefore should rarely disturb an ALJ's credibility determination, unless that finding is unreasonable or unsupported." *Getch v. Astrue*, 539 F.3d 473, 483 (7th Cir. 2008). However, "a failure to adequately explain his or her credibility finding by discussing specific reasons supported by the record is grounds for reversal." *Minnick v. Colvin*, 775 F.3d 929, 937 (7th Cir. 2015) (citing *Terry*, 580 F.3d at 477); *Brindisi v. Barnhart*, 315 F.3d 783, 787–88 (7th Cir. 2003); *Salaiz v. Colvin*, 202 F. Supp. 3d 887, 893 (N.D. Ind. 2016). "The determination of credibility must be supported by the evidence and must be specific enough to enable the claimant and a reviewing body to understand the reasoning." *Craft*, 539 F.3d at 678.

Furthermore, Social Security "regulations and cases, taken together, require an ALJ to articulate specific reasons for discounting a claimant's testimony as being less than credible, and preclude an ALJ from 'merely ignoring' the testimony or relying solely on a conflict between the objective medical evidence and the claimant's testimony as a bases for a negative credibility finding." *Schmidt v. Barnhart*, 395 F.3d 737, 746–47 (7th Cir. 2005). "The ALJ should not mechanically recite findings on each factor, but must give specific reasons for the weight given to the individual's statements." *Evans v. Astrue*, No. 3:10-CV-432, 2012 WL 951489, at *11 (N.D. Ind. Mar. 20, 2012).

In this case, the ALJ did not give sufficient reasons for the weight given to the Plaintiff's statements, and the limited reasons that are cited in the opinion are legally flawed.

**A.      Work History**

"There is no inherent inconsistency in being both employed and disabled." *Ghiselli v. Colvin*, 837 F.3d 771, 778 (7th Cir. 2016). "An ALJ is not statutorily required to consider a claimant's work history, but a claimant with a good work record is entitled to substantial credibility when claiming an inability to work because of a disability." *Stark v. Colvin*, 813 F.3d 684, 689 (7th Cir. 2016) (internal quotation omitted). "The fact that someone is employed is not proof positive that he is not disabled, for he may be desperate and exerting himself beyond his capacity, or his employer may be lax or altruistic." *Wilder v. Chater*, 64 F.3d 335, 338 (7th Cir. 1995); *see also Hawkins v. First Union Corp. Long-Term Disability Plan*, 326 F.3d 914, 918 (7th Cir. 2003) (finding argument "would be correct were there a logical incompatibility between working full time and being disabled from working full time"); *Ghiselli*, 837 F.3d at 778 ("Persisting in looking for employment even while claiming to suffer from a painful disability might simply indicate a strong work ethic or overly-optimistic outlook rather than an exaggerated condition."). "A positive work history makes a claimant *more* credible, and a desire to resume work similarly makes a claimant more credible, not less[.]" *Cullinan v. Berryhill*, 878 F.3d 598, 604 (7th Cir. 2017) (internal citations omitted).

In this case, "[t]he ALJ relies upon the faulty premise that if impairments and/or pain were present for years and years and it did not keep Plaintiff from working then, it would not keep him from working now," *Springer v. Colvin*, No. 1:13-CV-185, 2014 WL 3075342, at *7 (N.D. Ind. July 2, 2014). The fact that the Plaintiff continued to work despite his diabetes

8

mellitus seems to have weighed against the Plaintiff in the ALJ's determination. (*See* R. 42.) But, "[a] disabled person should not be punished for heroic efforts to work . . . ." *Hawkins*, 326 F.3d at 918; *see also Luttrell v. Berryhill*, No. 1:17-cv-2192, 2018 WL 558541, at *4 (S.D. Ind. Jan. 25, 2018 (A plaintiff "should not [be] discredited for attempting to work despite her physical limitations."). The ALJ emphasized that the reason that the Plaintiff stopped working was due to a groin injury rather than the diabetes, which had not prevented him from working for the prior two years. (R. 42.) However, the ALJ appears to have ignored, without explanation, the Plaintiff's testimony that it was not the diabetes itself that interfered with his employment but rather the increasing neuropathy in his hands. (R. 73–74.) Thus, the Court finds that the ALJ inappropriately held the Plaintiff's continued employment against him instead of weighing it in his favor. Although the ALJ may ultimately come to the same conclusion regarding the Plaintiff's credibility, on remand, the ALJ should weigh the Plaintiff's work history positively rather than as proof that he is not disabled.

**B.     Daily Living Activities**

An individual's daily activities are among the factors that an ALJ must consider in making a credibility determination. *See Craft*, 539 F.3d at 660; *Similia v. Astrue*, 573 F.3d 503, 517 (7th Cir. 2009). However, the Seventh Circuit has emphasized that there are "critical differences between activities of daily living and activities in a full-time job" including flexibility in scheduling, possible help from family members, and lack of minimum performance standards; and "[t]he failure to recognize these differences is a recurrent . . . feature of opinions by administrative law judges in social security disability cases." *Bjornson v. Astrue*, 671 F.3d 640, 647 (7th Cir. 2012); *see also Herrold v. Colvin*, No. 2:13-CV-360, 2015 WL 1243293, at *6

(N.D. Ind. Mar. 17, 2015) ("[T]he Seventh Circuit has repeatedly criticized credibility determinations that are based on a plaintiff's ability to take care of his personal hygiene, children, or household chores as these alone are not sound bases for a credibility determination.") (citing *Moss v. Astrue*, 555 F.3d 556, 562 (7th Cir. 2009)).

In this case, the ALJ failed to articulate why the Plaintiff's daily living activities were incompatible with his subjective testimony or how his daily living activities demonstrated that he could hold a full-time job. *See Pinder v. Astrue*, No. 3:09-CV-363, 2010 WL 2243248, at *5 (N.D. Ind. June 1, 2010) ("Although objective medical evidence and daily activities are appropriate factors to consider, the ALJ failed to articulate how these factors supported or contradicted any particular claims made by the Plaintiff."). For example, the ALJ cited the fact that the Plaintiff was able to drive (R. 42), but the ALJ did not explain how driving is incompatible with the Plaintiff's assertions regarding the limiting effects of his impairments.

Moreover, the ALJ failed to consider the modifications and help that the Plaintiff required in order to complete the referenced daily activities. Courts have repeatedly found fault with decisions where the ALJ noted that the claimant could perform daily activities but failed to examine the physical or mental consequences of performing those activities or the claimant's need for assistance or modifications. *See, e.g.*, *Sneed v. Berryhill*, No. 2:16-CV-195, 2017 WL 4325303, at *3 (N.D. Ind. Sept. 29, 2017) ("If the ALJ wishes to hold Plaintiff's daily activities against her, he must . . . discredit Plaintiff's claims of how much her children help with the activities."); *Herrold v. Colvin*, No. 2:13-CV-360, 2015 WL 1243293, at *6 (N.D. Ind. Mar. 17, 2015) ("[T]he Seventh Circuit has repeatedly criticized credibility determinations that are based on a plaintiff's ability to take care of his personal hygiene, children, or household chores.") (citing *Moss v. Astrue*, 555 F.3d 556, 562 (7th Cir. 2009)); *Blow v. Astrue*, No. 1:11-CV-293,

2012 WL 3233621, at *9 (N.D. Ind. Aug. 6, 2012) (finding improper reliance on daily activities when others performed almost all of the household chores and any activities the claimant could perform were at a slower pace with frequent breaks); *Rogers v. Commissioner of Soc. Sec.*, 486 F.3d 234, 248–249 (6th Cir. 2007) (finding fault where the ALJ "fail[ed] to examine the physical effects coextensive with [the] performance" of daily activities and "failed to note or comment upon the fact that [the claimant] receive[d] assistance of many everyday activities and even personal care from her children").

The ALJ reasoned that the Plaintiff was not as limited as alleged because he could test his own blood sugar levels twice a day (R. 42.) However, the ALJ ignored that the Plaintiff testified that he needed to test his blood sugar levels five times a day, and the remaining three times, his mother, wife, or oldest daughter had to help him because of his grasping and gripping impairments. (R. 60, 74.) The ALJ stated that there was no evidence that the Plaintiff could not take care of his personal needs. (R. 42.) But, the Plaintiff required help opening prescription bottles and injecting insulin, which he needed to do five times a day. (R. 60, 74.) The ALJ also appears to have ignored the Plaintiff's testimony about his ability to walk only short distances. (R. 77–78), that he can retrieve a gallon of milk from the fridge only by hooking it with his arm like a football and cannot pour himself a glass of milk (R. 79), that buttoning causes him pain (R. 81), that he has to lean on a rail with his arm and "slide up" in order to climb stairs (*Id.*), and that his medication required him to lay down for an hour three times a day (R. 75). While the ALJ is by no means required to address every piece of evidence in the record, the ALJ's cursory statement that "there is no evidence in the record that he is unable to care for his personal needs independently" is clearly contradicted by the Plaintiff's testimony. The ALJ did not explain how she concluded that the Plaintiff could conduct these activities on his own and apparently

"ignored [the Plaintiff's] qualifications as to *how* he carried out those activities" to which he testified. *Craft*, 539 F.3d at 660 (emphasis in original); *see also Schmidt*, 395 F.3d at 746–47 (an ALJ cannot merely ignore a Plaintiff's testimony without giving sufficient reasons for discounting it).

**C. Objective Medical Evidence**

There is insufficient reasoning and discussion of the record remaining to overcome the ALJ's errors regarding the Plaintiff's work history and daily living activities. It appears that the primary reason on which the ALJ relied for discounting the Plaintiff's subjective testimony was that his testimony was not supported by the medical record. The ALJ acknowledged the Plaintiff's testimony regarding the use of a cane, difficulty grasping objects, and urinary frequency, but found, rather summarily, that these limitations were not documented anywhere in the record. (R. 42.) But, the Seventh Circuit, and this District, have rejected this approach. *See, e.g.*, *Villano v. Astrue*, 556, F.3d 558, 562 (7th Cir. 2009) ("[T]he ALJ may not discredit a claimant's testimony about her pain and limitations solely because there is no objective medical evidence supporting it."); *Myles v. Astrue*, 585 F.3d 672, 677 (7th Cir. 2009) (same); *Moore v. Colvin*, 743 F.3d 1118, 1125 (7th Cir. 2014) (same); *Thomas v. Colvin*, 534 F. App'x 546, 552 (7th Cir. 2013) (same); *Boyd v. Barnhart*, 175 F. App'x 47, 50 (7th Cir. 2006) (reversing and remanding for insufficient credibility determination where the Commissioner "defended the ALJ's decision by relying on the objective medical evidence, the testimony of the vocational expert, and a brief discussion of [the claimant's] daily living activities"); *Salaiz*, 202 F. Supp. 3d at 893–94 ("The ALJ erred when assessing the Plaintiff's credibility because she relied entirely on medical evidence . . . ."); *Vercel v. Colvin*, No. 2:15-CV-71, 2016 WL 1178529, at *4 (N.D.

Ind. Mar. 28, 2016) (Although the "ALJ is not required to give full credit to every statement of pain made by the claimant . . . a claimant's statements regarding symptoms or the effect of symptoms on his ability to work 'may not be disregarded solely because they are not substantiated by objective evidence.'") (*quoting* SSR 96-7p at *6).

In fact, "the whole point of the credibility determination is to determine whether the claimant's allegations are credible *despite* the fact that they are not substantiated by the objective medical records." *Stephens v. Colvin*, No. 1:13-CV-66, 2014 WL 1047817, at *9 (N.D. Ind. Mar. 18, 2014) (emphasis in original). The Court acknowledges that a claim for disability benefits cannot be supported by a claimant's subjective complaints alone. 20 C.F.R. §§ 404.1529(a), 416.929(a). However, this does not change the fact that a claimant's subjective testimony may not be discarded solely due to a lack of objective medical evidence. In the case of a conflict, the ALJ must make a credibility determination. The ALJ may look for consistency with the objective medical evidence, but she must also consider other factors. But, the Court has found that the ALJ's other considerations are fatally flawed. The Court therefore finds that the ALJ has failed to build an accurate and logical bridge between the evidence and her conclusions.

## CONCLUSION

Accordingly, the Court REVERSES and REMANDS this case. Because the Court is remanding on this issue, it need not consider the remainder of the parties' arguments.

SO ORDERED on August 28, 2018.

    s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT